(110 App. Div. 688.)

## LUPINEK v. WOYTISEK et al.

(Supreme Court, Appellate Division, First Department.   January 26, 1906.)

1. CONSPIRACY—FRAUD—ACTIONS—DAMAGES.

In an action for conspiracy in procuring the arrest of plaintiff on a false charge and for defrauding him of money which he paid in compromise thereof, where it appeared that defendant was present as an attorney in the magistrate's court on plaintiff's hearing, and represented to him that if he would pay a sum of money to defendant, the latter would so arrange matters that the former need not suffer the imprisonment to which he would otherwise be subjected, in pursuance of which representations plaintiff paid the money to defendant, but there was nothing to show that defendant had anything to do with the original arrest or prosecution of plaintiff, or that he was concerned in the matter before plaintiff was brought into the magistrate's court, plaintiff could not recover damages for the conspiracy and wrongful arrest, but could only recover the sum of money procured by defendant from him with interest thereon.

Appeal from Trial Term, New York County.

Action by Alois Lupinek against Vincent W. Woytisek impleaded with others. From a judgment for plaintiff, and from an order denying a new trial, defendant named appeals. Reversed.

Argued before O'BRIEN, P. J., and CLARKE, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Edward Hymes, for appellant.

I. B. Wheeler, for respondent.

HOUGHTON, J.   The action is for a conspiracy in procuring the arrest of the plaintiff on a false charge of larceny, and for defrauding him of $360, which he paid in compromise thereof.   Plaintiff was in the employ of defendant Brodil, as bartender, and at the latter's instigation defendant Tunney, a police officer, arrested him without a warrant upon a charge of petit larceny, and took him before a magistrate, in whose court defendant Herc acted as interpreter, and in which appellant Woytisek was present as an attorney.   Plaintiff could not speak the language and was ignorant of the forms of law, and he charges that appellant and defendant Herc represented to him that he was charged with grand larceny, for which he would serve a long term in prison, but that if plaintiff would pay to them the $360, which the officer had in his possession, they would fix it so he would be released and suffer no imprisonment.   Thereupon the plaintiff, although protesting his innocence, and asserting that he had committed no crime, paid over the money to appellant Woytisek, and was permitted to leave the court.   No formal complaint had been made by Brodil, and he announced to the magistrate that he did not desire to press the charge.

On a former trial the jury rendered a verdict in favor of defendants Brodil and Tunney, and against defendants Herc and Woytisek, which the trial court set aside as to the two latter defendants as against the weight of evidence.   On the second trial, which resulted in the judgment appealed from, the jury rendered a verdict in favor of the defendant Herc and against defendant Woytisek alone for $1,432, made up apparently by the $360, and interest thereon, and $1,000

damages. Plaintiff by his complaint seeks to recover the $360, which he paid, together with damages for the false arrest and malicious prosecution, alleging as special damages, loss of wages from inability to obtain employment on account thereof. The appellant urges, amongst his reasons why the judgment should be reversed, that the court erroneously charged that, as an element of damage, the plaintiff might recover against appellant Woytisek compensation for the wrong and injury which had been done him by his unfounded arrest, and for the mortification and disgrace that came to him by reason of it.

We think the exception to this charge was well taken. There is no sufficient proof that the appellant had anything to do with the original arrest or prosecution of the plaintiff. It is true that appellant produced on the trial a receipt from Brodil for $300 of the money, which plaintiff paid to him. There may be some suspicious circumstances connected with the transaction; but the proof does not rise to the dignity of establishing that there was a conspiracy between the appellant and Brodil and Tunney to bring about the original arrest of plaintiff. If any one was liable for damages to the plaintiff for that arrest, it was Brodil and Tunney, and the jury on the former trial exonerated them by a verdict in their behalf. The damages for which the appellant was liable, therefore, if he was liable at all, were confined to the $360, which he obtained from the plaintiff, with interest thereon. No damages arising out of the wrongful arrest could be assessed against him, because there was no proof that he participated in it. So far as the evidence discloses, the first that Woytisek, the appellant, had anything to do in the matter was when the plaintiff was brought into the magistrate's court by Tunney at the instigation of Brodil. The plaintiff by his testimony charges that then appellant Woytisek and defendant Herc conspired to induce him, by preying upon his fears, and by falsely stating that the charge against him was that of grand larceny, for which he would probably be imprisoned for a long term, instead of petit larceny, which was the fact, to pay over to Woytisek the $360, which Tunney had taken from plaintiff's possession on his arrest, in pretended settlement of the charge, which plaintiff protested was false.

If appellant did, in fact, in collusion with Herc or Brodil and Tunney, plan and conspire to do, and did do, what plaintiff charges to be the fact, he committed a very serious wrong, and should bear the consequences however serious they may be. It is quite plain that the verdict was made up from the $360, and interest, with $1,000 added as general damages. Inasmuch as the erroneous charge only relates to the damages thus added, it is possible that we would have the power to affirm the judgment on the plaintiff's consenting to a modification; but we think, in view of the character of the charge made against the appellant and the serious consequences following it, that justice will be best subserved by a reversal of the judgment, and the granting of a new trial. On such new trial, unless the evidence shall be changed, the only question to be considered will be whether or not the appellant conspired with any of the other defendants to wrongfully obtain the $360, or any sum, from the plaintiff; and if the jury shall determine that such sum was thus wrongfully obtained by the appellant, the

measure of damage will be confined to that amount of money, with interest thereon to the time of trial, and the jury will thus have the opportunity to consider that question alone unembarrassed by any question with respect to damages resulting to plaintiff by reason of his arrest or prosecution.

The judgment and order are reversed, and a new trial granted, with costs to appellant to abide the event. All concur.